UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE ALLEN,<br>    Plaintiff, | :<br>:<br>: |
| -vs- | :     Civil No.  3:06cv149 (PCD) |
| RUBY TUESDAY, INC.,<br>    Defendant. | :<br>:<br>: |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff originally filed this action in Connecticut Superior Court, alleging negligence and carelessness for injuries sustained as a result of a slip and fall in one of Defendant's restaurants.  On January 30, 2006, Defendant removed this case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Plaintiff now moves, pursuant to 28 U.S.C. § 1447(c), to remand the present action to Connecticut Superior Court on the ground that the amount in controversy is less than $75,000.  For the reasons that follow, Plaintiff's Motion to Remand [Doc. No. 14] is **denied**.

**I.      Statement of Facts**

Plaintiff is a citizen of the State of Connecticut.  Defendant, Ruby Tuesday, Inc., is a Georgia corporation with its principal place of business in the State of Tennessee.  Plaintiff alleges that on August 23, 2005, while at Defendant's restaurant in Trumbull, Connecticut, she sustained injuries when she was caused to slip and fall to the floor due to an accumulation of water. (Compl. ¶¶ 3-4, Ex. A to Def.'s Notice of Removal, Doc. No. 1.)  Plaintiff alleges that as a result of the fall, she sustained severe and multiple fractures of her pelvis, bilateral hip bursitis and back pain. (Id. ¶ 6.)  Plaintiff alleges that she "has and will in the future incur costs for

medical care and attention, x-rays, medication, physical therapy, hospitalization, surgery and surgical care." (Id. ¶ 7.)  Moreover, Plaintiff alleges that she has sustained "permanent decreased mobility" and other "multiple permanent injuries," which "have caused and will continue to cause her pain, worry, anxiety, and will also restrict her in many daily activities in which she engaged prior to this incident." (Id. ¶ 8.)

**II.     Standard of Review**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal district court if the defendant can show that the district court has original subject matter jurisdiction over the plaintiff's claim.  28 U.S.C. § 1332 provides that the district courts of the United States shall have original jurisdiction over all civil actions where the action is between citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Because Defendants removed this action from state court, they bear the burden of "'proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 305 (2d Cir. 1994)); see also California Public Employees Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).  If the jurisdictional facts are challenged, the party asserting federal jurisdiction must support those facts with "competent proof" and "justify its allegations by a preponderance of evidence." United Food, 30 F.3d at 301-302 (quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 80 L.

Ed. 1135, 56 S. Ct. 780 (1936)). "Only where it 'appear[s] to a legal certainty that the claim is really less than the jurisdictional amount' can the court dismiss an action for lack of subject matter jurisdiction." Royal Ins. Co. v. Jones, 76 F. Supp. 2d 202, 204 (D. Conn. 1999) (quoting Saint Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938)).  Courts should construe the removal statute narrowly, resolving any doubts against removal. Lupo v. Human Affairs Int'l Inc., 28 F.3d 269, 274 (2d Cir. 1994) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)).

**III.     Discussion**

Plaintiff argues that removal is improper in this case because the amount in controversy is below the jurisdictional minimum for federal subject matter jurisdiction.  Where jurisdiction is based upon diversity of citizenship, the defendant must show that the plaintiff and the defendant are citizens of different states and that the amount in controversy is in excess of $75,000.00. 28 U.S.C. § 1332(a)(1); United Food, 30 F.3d at 302.  The removing party bears the burden of proving the amount in controversy to a "reasonable probability." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994).  Where the damages sought are uncertain, doubt should be resolved in favor of the plaintiff's pleadings. Id. at 785.

Plaintiff's Complaint, on its face, does not indicate the amount in controversy. Connecticut does not require a plaintiff to state the precise amount sought in the litigation but only requires a plaintiff to allege whether more than $15,000 is in dispute. See Conn. Gen. Stat. § 52-91; Southington '84 Assocs. v. Silver Dollar Stores, 237 Conn. 758, 765, 678 A.2d 968 (1996).  Plaintiff's prayer for relief merely asks for "monetary damages," and in accordance with Connecticut practice, Plaintiff's "Statement of Amount in Demand" simply states: "The Amount,

Legal Interest or Property in Demand, is Fifteen Thousand Dollars ($15,000.00), or More, Exclusive of Interest and Costs." (Compl.)

Defendant analogizes the instant case to a similar case, Viens v. Wal-Mart Stores, No. 3:96cv02602 (AHN), 1997 U.S. Dist. LEXIS 24029 (D. Conn. Mar. 3, 1997). In that case, the plaintiff claimed that she suffered a severe back injury when she twisted sharply to avoid a glass container that fell off a store shelf. Viens, 1997 U.S. Dist. LEXIS 24029 at *3. The plaintiff filed her lawsuit in Connecticut Superior Court and it was subsequently removed to federal court by the defendant. Id. at *3-4. As in this case, the plaintiff's complaint was inconclusive as to the amount in controversy, and the plaintiff moved to remand the action on the ground that the defendant had failed to establish that the amount of controversy exceeded the jurisdictional minimum.[1] Id. at *6-7. The Court denied the plaintiff's motion to remand, finding a "reasonable probability" that the amount in controversy" was greater than $50,000.00. Id. at *8. Like in this case, the plaintiff alleged that her injuries may be permanent, and her medical expense claim included surgery for her injuries. Id. In that case, however, the plaintiff had also asserted a lost wage claim, and the Court found, based on the plaintiff's interrogatory responses, that "her lost wage claim alone may arguably be worth over $25,000." Id. Although informative, Viens is not controlling here. Because the plaintiff in that case asserted a lost wage claim worth over $25,000 and because the jurisdictional minimum at the time was only $50,000, the court there found only that the plaintiff's medical expense claim was worth at least $25,000. Defendant in this case must establish that Plaintiff's medical expense claim is worth at least $75,000.

Defendant contends that the claim here is worth more than $75,000. Defendant supports

---

[1] The jurisdictional minimum at that time was $50,000. It is now $75,000, as stated above.

its contention by asserting that Plaintiff claims that she sustained two pelvic fractures requiring six weeks of physical therapy. (Def.'s Opp. 4.)  Plaintiff also claims that she has been forced to incur costs for medical care and attention, x-rays, medication, hospitalization, surgery and surgical care. (Compl. ¶ 7.)  Moreover, Plaintiff further claims that her injuries are continuing and most likely permanent, and alleges that she has suffered mental and physical pain and suffering. (Id. ¶ 8.)  Finally, Defendant asserts that "Plaintiff's own settlement demand exceeds $75,000." (Def.'s Opp. 4.)  Defendant attaches, as Exhibit C, a letter from Plaintiff's counsel to Defendant's insurance claims examiner in which Plaintiff's counsel asserts that "this case has a settlement value well in excess of $118,400.00." (Kaiser letter, Sept. 28, 2005, Ex. C. to Rutherford Aff.)

      Where, as here, "the pleadings themselves are inconclusive as to the amount in controversy . . . federal courts may look outside those pleadings to other evidence in the record." United Food, 30 F.3d at 305.  As such, the Court is not limited to the face of Plaintiff's Complaint when determining the amount in controversy, but may properly consider the letter.  The removal statute expressly states that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).  The Second Circuit has not addressed this issue, however, "most courts have held—and this Court agrees—that § 1446(b) is not limited to papers filed in the litigation and that the reference to 'other paper' in the statute can include pre-removal correspondence between the parties, including, as here, settlement offers." Vermande v. Hyundai Motor Am., Inc., 352 F. Supp. 2d 195, 200 (D. Conn. 2004) (collecting

cases).  The Court should "exercise considerable caution" in considering a settlement offer, as it is only "one factor to consider" in assessing the amount in controversy and should be considered within the context in which it was made.  Id. at 202-03 (collecting cases) ("Courts should be alert to the fact that settlement offers can often be wildly unrealistic and constitute mere puffery or posturing rather than a fair or realistic appraisal of a party's damages.").

Considering all of the allegations in Plaintiff's Complaint together with the settlement offer, the Court finds that there is a "reasonable probability" that the amount in controversy exceeds $75,000.  Although it remains to be seen what damages, if any, Plaintiff will be able to prove that she is entitled to, the amount sought in the September 28, 2005 letter does not appear to be grossly excessive or objectively unreasonable in light of the allegations in Plaintiff's complaint.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand [Doc. No. 14] is **denied**.

SO ORDERED.

Dated at New Haven, Connecticut, September  26 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court